SAMUEL LITTLE, Plaintiff and Respondent *v.* HELEN M. LITTLE, Defendant and Appellant.

**Dissolution of Partnership—Effect of Settlement—Setting Aside Contract.**

1. Referee's report examined, and the findings *held* to be supported by the testimony.

2. Where co-partners, who have had differences arising out of their joint business, voluntarily and at arms length enter into a written contract dissolving their partnership relations, and by its terms make full and detailed arrangements for a separation and a division of their joint property, and provide fully for the payment of the firm debts, *held* that, in the absence of allegation and proof to the contrary, all of such differences will be presumed to have been merged and adjusted by the contract of dissolution.

3. *Held further*, that in the absence of proper allegations and proof that such contract was obtained by duress or fraud, or was entered into under a mistake of fact, such contract will not be set aside on the sole ground that one of the parties did not read the same or know the contents before it was signed.

5. The referee made his report embracing findings, whereupon the plaintiff moved for jugment thereon. Defendant opposed the application, but did not raise the point that an order confirming the report had not been previovsly made. The trial court on such application did not direct the entry of judgment, but resubmitted the case to the referee, and, after taking additional evidence, the referee made his final report embracing his findings. Plaintiff applied for judgment based upon the final report. Defendant's counsel did not appear, but duly waived notice of such final application for judgment, and at no time in the court below raised the point that the final application for judgment was not preceded by an order confirming the report of the referee. *Held*, that defendant has waived the irregularity, if such it was, and cannot raise the point for the first time in this court.

5. Whether, under existing statutes, in cases like this, it is proper practice to procure an order confirming the referee's report before applying for judgment, not decided.

(Opinion Filed Aug. 21, 1891.)

*A*PPEAL from district court, Traill county; Hon. CHARLES F. TEMPLETON, Judge.

*A. B. Levisee* (*M. A. Hildreth*, of counsel), for appellant. *Carmody & Leslie*, for respondent.

Actions by Samuel Little against Helen M. Little for the recovery of money due on dissolution of a partnership. Judgment for plaintiff. Defendant appeals. Affirmed.

A. B. Levisee (M. A. Hildreth, of counsel), for appellant:

Plaintiff could not sue for a money judgment, as there had been no settlement of the firm accounts. Bates on Partnership, Vol. 2, § 849 and cases cited; Harkell v. Adams, 7 Pick. 59; Williams v. Henshaw, 12 Pick. 378; Carey v. Bruth, 2 Caines 293; Murry v. Bogart, 14 Johns. 318; Paine v. Thatcher, 25 Wend. 450; McGilvray v. More, 23 Pac. Rep. 96. The wrongful acts of the plaintiff in this case dissolved the partnership. Story on Partnership, 272; Soloman v. Hollander, 21 N. W. Rep. 336. The rendering of the statement of account was not conclusive upon the defendant. Rehill v. McTaque, 5 Cent. Rep. 704; Collyer's Law of Partnership, § 298; 1 Story, Equity, § 523; Bates on Partnership, Vol. 2, § 959 and cases there cited. Defendant was entitled to affirmative relief without setting up a counter-claim. Hutchinson v. Paige, 29 N. W. Rep. 908; Scott v. Pinkerton, 3 Edw., Ch. 70; Boyd v. Foot, 2 Bos. 100; Johnson v. Butler, 31 N. J. Eq. 35; Atkinson v. Cosh, 79 Ill. 53.

Carmody & Leslie, for respondent:

If a settled account is impeached for errors, particular errors must be stated and proved. Lindlie on Partnership, Vol. 2, §§ 513 and 514, and cases cited. Findings of fact will not be disturbed where there is any evidence to sustain them. Where the evidence is conflicting the findings will not be disturbed. Bottsford v. Sweet, 13 N. W. Rep. 385; Rohe v. Pearson, 14 Pa. St. 297; Chambers v. Appleton, 5 N. E. Rep. 442; Bourgeois v. Shingle, 34 N. W. Rep. 96; Lyons v. Harris, 34 N. W. Rep. 864; Vittoe v. Richardson, 12 N. W. Rep. 603; Kumler v. Ferguson, 7 Minn. 442; Hardware Co. v. Wolter, 3 S. W. Rep. 865; Moore v. Ligon, 3 S. E. Rep. 572; City of Winona v. Huff, 11 Minn. 119; Carroll v. Little, 40 N. W. Rep. 582; Hardy v. Scott, 26 W. Va. 710; Boyd v. Gunnison, 14 W. Va. 1; Graham v. Graham, 21 W. Va. 698. Where the bill of ex-

ceptions does not contain all of the evidence the findings will not be disturbed. Bonton v. Grow, 1 N. W. Rep. 11; Hotel Co. v. Frederick, 1 N. W. Rep. 827; Turner v. Turner, 10 N. W. Rep. 545. Where findings are incomplete and insufficient, as defendant claims in this case, the remedy is by motion for more specific findings, and not by appeal. Foster v. Voightlander, 13 Pac. Rep. 777; State v. Graham, 36 N. W. Rep. 372; Englehart v. Rickert, 14 Minn. 140; Mast v. Lockwood, 17 N. W. Rep. 543. To obtain a review of the decision of a referee a motion for a new trial is necessary. Light v. Kennard, 7 N. W. Rep. 539; Reed v. Barnard, 40 Cal. 628.

The opinion of the court was delivered by

WALLIN, J. After the two actions entitled as above were at issue they were consolidated by an order of the district court, and, without objection, were tried as a single action in equity for an accounting between partners. In the action first begun the complaint states in effect that plaintiff and defendant entered into a co-partnership and instituted a business as retail merchants and saloon-keepers, at Caledonia, on February 15, 1886, and that said firm continued in business until September 10, 1886, at which time it is alleged that the firm dissolved by mutual consent. It is further stated in the complaint that by agreement of the parties, reduced to writing, said defendant put into said concern as a part of her capital stock certain book accounts and notes. By the terms of said agreement it was stipulated that any part of said book accounts and notes which might not be collected at the stipulated time at which the firm was to be dissolved, should be charged to the defendant. The complaint charged that when the firm dissolved (September 10, 1886), a part of said book accounts and notes of the face value of $566.79, was uncollected. Plaintiff demanded judgment for one-half of said sum, to-wit, for $283.39, with interest. Defendant answered the complaint, and admitted the formation and dissolution of the firm at the time stated in the complaint, but specially denied that the dissolution of the firm was by mutual consent, and alleges that the same was forcibly dissolved by plaintiff to her damage in the sum of $500, which defendant pleads as a

counter-claim. As a basis of the counter claim defendant charged, in effect, that at the time said firm was instituted, and for years prior thereto, defendant had been engaged in the business of a merchant at Caledonia, and had a large and profitable trade there; and further charges that plaintiff "during all the time he was a partner in said firm, did in various and sundry ways, by word of mouth, and by acts at various and sundry times, use and exert all the influence his position and opportunity gave him to alienate the former established customers and friends of this defendant, to depopularize this defendant as a merchant, and to impair, injure and ruin the good name, credit and business prospects of this defendant as a merchant," etc. The complaint in the second action was substantially the same as in the first, with the additional statement that when the firm dissolved it owned notes and book accounts to the amount of $1,128; that all the debts of the firm were paid; and that plaintiff had demanded an accounting and that defendant had refused to account. Plaintiff prayed for an accounting and for a division or sale of the assets of the firm. The answer put the material averments of the complaint in issue, except that it admits the formation and dissolution of the firm; that the debts of the firm are paid; and that the firm owns notes, book accounts, and other property subject to division. The plaintiff served a reply to each answer, putting the new matter pleaded as a counter-claim in issue. The actions being at issue and upon the trial calendar, the district court, without objection, so far as appears of record, ordered that a reference be made in the consolidated action, and directed that the same be referred to J. F. Selby, Esq., an attorney at law, to find and report the facts and the testimony herein to the trial court.

At the time and place agreed upon, the parties, represented by their counsel, appeared before the referee, and the testimony on both sides was taken and duly submitted to the referee, whereupon the referee made his report of the testimony and the findings of fact thereon. Upon the coming in of the report a motion was made for judgment thereon, whereupon the trial court, after an examination of the report, and deeming the same incomplete, and upon motion of plaintiff's counsel

therefor, directed that said action be again referred to said referee to find certain additional facts, which were specified in the order, and also to find all facts necessary to definitely settle the issues raised by the pleadings and report the same to the court. In obedience to the said last mentioned directions of the court, the referee in the presence of the parties, represented by counsel, took additional evidence, and subsequently reported all of the evidence to the court, together with certain findings based upon all the evidence adduced, which findings are as follows:

" That the defendant, Helen M. Little, under and in pursuance of said contract of co-partnership, turned over to the said firm as a part of her share of the capital stock thereof book accounts belonging to her, the said Helen M. Little, amounting to the aggregate amount of $2,829.58, and that it was agreed between both the parties that any of said book accounts that remained uncollected at the expiration of their co-partnership should be charged back to the account of the defendant. That at the expiration of the time that said partnership was to exist there remained of said book accounts which had been turned into the capital stock of said firm by defendant accounts amounting in all to the sum of $566.79, which were still uncollected, and that that sum, with interest since the date of the expiration of such time, to-wit, the 15th of February, 1888, should be charged to the account of the defendant in said firm accounts; and the plaintiff in this matter is entitled to judgment against defendant for the sum of one-half of such amount, the interest being at seven per cent. per annum, to-wit, the sum of $283.39, and interest thereon at seven per cent. per annum since February 15, 1888. That in the month of June, 1886, the plaintiff purchased lot No. 1, in block 34, in the village of Caledonia, in said county, with the store building thereon, and purchased on his own account from one Lewis Olson a considerable quantity of merchandise, amounting in all to about $1,200, which he afterwards placed in stock as a part of a store of general merchandise started by himself on his individual account on the lot and in the store building above described; and on or about the 3d day of July, 1886, the plaintiff removed from the

store of said firm, of which he was a member, a quantity of mer-
chandise, estimated at from $700 to $1,000 in value, and placed
them with his stock of merchandise in the store building on
said lot No. 1; and I further find that such goods were removed
openly and fairly, and with the knowledge of defendant's clerk.
That on the 22d day of July, 1886, plaintiff and defendant en-
tered into a contract in writing dissolving the co-partnership
existing between them, and that the terms of such dissolution
as made in such contract were unsatisfactory to the defendant,
and not successfully carried out; and that, owing to the dissat-
isfaction of such parties with the terms of such contract of
dissolution, plaintiff and defendant again, on the 10th day of
September, 1886, entered into another contract of dissolution
of their co-partnership business, and that they there, fairly and
with a full understanding of their previous difficulties, amicably
settled their affairs, and separated from their joint or partner-
ship business. That the books and book accounts of said firm
were, by the terms of said last mentioned contract of dissolu-
tion, to be, and they in fact were, turned over to one C. B. An-
derson for collection, and that said Anderson was to account to
each of the parties hereto for the one-half of all accounts he
could so collect; that the terms of said contract were complied
with by said Anderson so far as he collected any such accounts;
that said books while in said Anderson's possession were held
by him absolutely, and yet either of the parties could have and
did have free access thereto on request. That the debts of said
co-partnership have all been paid in full, and that there re-
mains an amount of said book accounts of said firm, amounting
to the sum of $1,128.58, which are still uncollected. That in
the opinion of this referee, gathered from the evidence herein,
and he so reports, it is expedient and best for both the parties
hereto that a receiver be appointed by this court to take (and
with power so to do) such uncollected book accounts, and sell
the same either at private sale, or at public vendue to the high-
est bidder, either of the parties hereto to have the privilege of
purchasing at such sale, and to pay from the proceeds of such
sale the costs and expenses of such sale, including the fees of
such receiver, and then pay the proceeds of such sale to the

parties hereto, one-half to each. That to collect the same without a sale of such accounts would take several months and years, and prevent the affairs of such partnership from being finally settled for several years. I further find that the dissolution of such partnership as finally consummated was fair and open, and amicably adjusted and satisfactorily executed at the time of such final contract of dissolution and determination thereof; that no fraud was practiced by either party in bringing about that settlement or dissolution, and that while an unhappy and unfriendly spirit of unfriendship existed between the parties at the time, yet I find that there was no violence of gestures or force of language used by the plaintiff sufficient in its character to set aside the settlement and dissolution of the affairs of said firm as stated. Respectfully submitted. J. F. Selby, referee."

Defendant prepared and submitted to the referee a series of proposed findings, embracing both law and fact, but the same were refused by the referee, and not found, to which refusal defendant duly excepted. Defendant also excepted to the findings of fact as reported by the referee, and specified wherein, as defendant claimed, the findings of the referee were not justified by the evidence. These specifications and exceptions were allowed, and the same, with the report and the testimony, are all properly before this court. Subsequent to the filing of the referee's final report, as above set out, the plaintiff made application to the trial court for judgment in his favor, based upon such final report. The defendant by her counsel expressly and in writing waived notice of plaintiff's said application for judgment. The trial court entered judgment in substantial conformity to the findings embodied in the report of the referee. Defendant appeals from the judgment.

We have carefully read and examined all the evidence offered in the case, and are convinced that it tends strongly to sustain and justify the findings reported by the referee. The evidence is conclusive and the decisive fact is conceded that the parties entered into a formal agreement in writing, whereby, on the 22d day of July, 1886, they agreed not only to dissolve the then existing co-partnership, but in the same instrument, undertook

fully and in detail to specify just how the assets, including the tangible effects and bills receivable, belonging to the firm, should be separated and divided between the partners; and also stipulating how the firm debts should be discharged, and also made provisions for collecting and disposing of the book accounts due the firm. It further appears that the parties, in pursuance of their agreement to dissolve, proceeded to take an account of stock, and to divide the merchandise, and place the bills receivable in the hands of the collector chosen by them; but for some reason not clearly apparent from the testimony, the terms of the original contract of dissolution were not fully carried out; and it further appears that defendant refused to carry out and complete the terms of the dissolution until she had first consulted counsel. After consulting counsel of her own selection a new contract of dissolution was entered into, which apparently covered and disposed of all the questions then pending and about which the partners were at loggerheads. This contract was in writing, signed by the parties and bears date the 20th day of September, 1886. There is neither allegation nor proof that either of the said contracts of dissolution were entered into by the defendant under any duress, mistake of fact, or that the same was procured by any deceit or fraudulent practice whatsoever. In making the contracts of dissolution the parties dealt at arms length, and the defendant in the negotiations resulting in the written agreements to dissolve the concern, was constantly aided by the advice of her husband, who was her business manager, and who brought the final contract to her, and advised her to sign the same. Under such circumstances, the defendant's claim that she was ignorant of the contents of the final agreement for dissolution is evidently unavailing as a legal defense, and such claim must be disregarded by this court, as was done by the referee and trial court. All differences complained of and which had arisen between the partners in their joint business venture had arisen and were in existence prior to the time when the parties entered into their final treaty of dissolution and settlement. All such differences, including defendant's claim for damages to her reputation as a merchant, and her claim arising

out of the alleged wrongful removal of a part of the goods from the store building are, in contemplation of the law, merged in the agreement whereby the parties, by their own voluntary and deliberate act, undertook to adjust and wind up their own business affairs, and finally settle the basis upon which the concern and its business and effects should be disposed of. The solemn agreements of the parties cannot be disregarded by the courts, and the judgment of the trial court in effect declares that the stipulations made by the partners concering their business affairs should be made effectual. We cannot disturb such a judgment.

We need consider only one other matter. It is assigned as error that "no motion was ever made by the plaintiff to confirm the report of the referee." We think this point is not available to the defendant. As has been shown, the referee made two distinct reports to the trial court, embracing both evidence and findings. Application was made for judgment in favor of the plaintiff and based upon the first report. The defendant appeared, and opposed the application, but the report discloses no objection on the ground that the report of the referee had not been previously confirmed by an order of the court. The trial court sent the case back to the referee, and, after taking additional evidence, the referee made a final report of his findings and all of the evidence. Plaintiff then made application for judgment based upon the final report. Defendant's counsel waived notice of the final application, and thus voluntarily absented himself from court at a time when he might have been heard upon any objection which he had to the entry of judgment. No exception to the action of the court in entering judgment without an order confirming the report has been saved, and we are clear that the point is waived, and cannot be raised in this court for the first time. We do not wish to be understood as holding, and do not hold, that in cases such as this the report of a referee must be confirmed by a separate order before the trial court can direct judgment to be entered upon the report. We only decide that defendant is not in a position to raise the question. We have examined the other assignments of error and we think none of them will.

justify a reversal of the judgment.    The judgment must be affirmed.   All concur.