## ELIZA FIELDS *vs.* MARTHA MOTT.

### Opinion filed December 5, 1900.

**Mortgage—Construction—Rents Secured.**

> A mortgage which expressly recites that it is given to secure the prompt payment of rent according to the terms of a certain written lease, and names the amount secured, which amount corresponds with the amount agreed in the lease to be paid as rent, does not secure rents which become due after the expiration of such lease under a tenancy arising by implication of law from holding over after such lease expired.

Appeal from District Court, Cass County; *Pollock,* J.

Action by Eliza Fields against Martha Mott. Judgment for defendant. Plaintiff appeals.

Affirmed.

*Turner & Lee,* for appellant.

*S. G. Roberts,* for respondent.

Young, J. Action in claim and delivery to recover possession of certain chattel property by virtue of a mortgage thereon. The defense is that the debt secured by the mortgage was fully paid long prior to the commencement of the action. The trial court directed a verdict for the defendant, and judgment was duly entered thereon. Plaintiff appeals. But a single question is involved. Did the court err in directing a verdict for defendant? We are agreed that it did not. The answer to the question rests entirely upon the construction to be given to the mortgage as to the amount it secures. It appears that on October 12, 1896, the defendant leased rooms from plaintiff. The lease was in writing, and was for a period of one year, the exact term named in the instrument, commenced October 20, 1896, and ended October 19, 1897. The lessee, the defendant herein, covenanted therein to pay as rental therefor a monthly rent of $50 per month on the 1st day of each month, in advance. The lease also contained a provision granting the lessee "the privilege of keeping said rooms one year after October 19, 1897, upon the same terms and conditions." As a part of the same transaction, and for the purpose of securing the rent so agreed to be paid, defendant executed and delivered the chattel mortgage which is the basis of this action. It is in the ordinary form. It recites that it is given "for the purpose of securing the payment of six hundred dollars." It also contains this further recital: "This mortgage is given to secure the prompt payment of the rent by me of said rooms according to the terms of a written lease, dated October 12, 1896; provided, if the undersigned (the defendant herein) shall pay the rent according to the terms of said lease, then the mortgage shall be void,—with the additional provision that, on the happening of certain defaults, "the whole sum secured hereby shall become due and payable." It appears that defendant occupied said rooms continuously from October 19, 1896, up to April 10, 1899, when she was evicted for nonpayment of rent. It appears, also, that she paid all rent due up to February 20, 1899. The sum now due and unpaid is for rent accruing after said last-named date. The question is, does the mortgage secure this indebtedness?

No theory of construction will permit of any other than a negative answer. Turning to the mortgage, we find that it expresses, in unambiguous language, the exact sum it was given to secure, namely $600. The reference in the mortgage to the lease does not modify its meaning in any particular, and is plainly only for the purpose of showing the time when the sum secured became due, namely, $50 at the beginning of each month in advance. It is admitted that the above sum, being the one year's rent, has been fully paid. It is also admitted that for the second year, in which defendant elected to occupy the rooms under the privilege contained in the lease, payment has been made in full. The rent now due did not arise under

the written lease at all. That lease had expired. It is true that where a lessee of real property remains in possession thereof after the expiration of the hiring, and the lessor accepts rent from him, the parties are presumed to have renewed the hiring on the same terms and for the same time, not exceeding one year. Rev. Codes, § 4084. See, also, *Blumenberg* v. *Myres,* 91 Am. Dec. 560, and cases cited in note; also 12 Am. & Eng. Enc. L. 758. Nevertheless, in such case, the tenancy is a new tenancy, and is one merely implied by law, in the absence of an express agreement by the parties upon the same or other and new terms and conditions. It is a tenancy not provided for in the lease, and it clearly was not intended that the mortgage was to secure rents due under a tenancy which is entirely independent of the lease, and not even in contemplation when it was executed. The debt secured by the mortgage having been paid, the court properly directed a verdict for the defendant. Judgment affirmed. All concur.