(96 N. W. Rep. 353.)

---

JOHNSON ET AL. *v.* KINDRED STATE BANK.

Opinion filed September 28, 1903.

**Where An Exhibit Attached to Complaint, Negatives It, Exhibit Governs.**

1. Where an exhibit attached to a complaint, and made a part of the pleading, negatives or contradicts allegations in the complaint founded upon it, the terms of the exhibit will control such general averment.

**Same.**

2. Plaintiff attached to his complaint a copy of the written lease· upon which his action was based, and made it a part of the complaint by reference. This lease contained a covenant to "write $400 insurance upon building, and deduct from rent." An averment that defendant allowed the insurance to lapse and cease is not sufficient to show ·a breach of the covenant to write the insurance.

**Must Point Out Uncertainty in Contract, and Construe It By Averment.**

3. In stating a cause of action for the breach of a contract, which is ambiguous when applied to the subject of litigation, the pleader should point out in his complaint in what particular he claims the contract to be uncertain, and put some definite construction on it by averment.

**Where Contract Shows Itself To Be Incomplete, Parol Part May Be Proven.**

4. Where a written contract purports upon its face to contain the whole contract of the parties, parol evidence cannot be received to add to its terms. If it appears from the writing itself that the whole agreement was not reduced to writing, and that the writing is incomplete to express the entire agreement, then, on proper allegations, the parol part of the contract may be proven.

**Parol Collateral Promise Must Relate to Subject Distinct From That of the Writing.**

5. To justify the admission of a parol promise by one of the parties to a written contract on the ground that it is collateral, the promise must relate to a subject distinct from that to which the writing relates.

Appeal from District Court, Cass county; *Pollock, J.*

Action by C. M. Johnson and George Halland against the Kindred State Bank. From a judgment of dismissal, entered for defendant after an order sustaining a demurrer to the complaint, plaintiff appeals.

Affirmed.

*A. T. Cole,* for appellants.

Parol evidence is admissible to explain a written contract which is equally capable of two constructions. *Ripon College* v. *Brown,* 68 N. W. Rep. 837. To vary elements of contract, admissible, *Ingersoll* v. *Truebody,* 40 Cal. 603. If equally susceptible of two constructions, *Lee et al.* v. *Cravens et al.,* 48 Pac. Rep. 159; *McPhee et al.* v. *Young et al.,* 21 Pac. Rep. 1014; *Brown* v. *Markland,* 52 Pac. Rep. 579; covenant of lessee to insure, binding. Damages, amount of loss, *Jacksonville M. P. Ry. & Nav. Co.* v. *Hooper et al.,* 160 U. S. 514, 40 L. Ed. 515. On interpretation of contract and parol evidence the following are authorities: *Knight* v. *Worsted Co.,* 2 Cush. 271; *Erie Cattle Co.* v. *Guthrie et al.,* 44 Pac. Rep. 984; *Lee* v. *Butler,* 46 N. E. Rep. 52; *Hendricks* v. *Crowley,* 31 Cal. 472; *Miller, Clayton Electric Co.* v. *McKeesport & J. W. R. Co.,* 179 Pa. 350, 36 Atl. 287.

Notice of increase or decrease of rent on holding over after expiration of year, does not vary the terms of lease but carries them with it. *Re Canada Coal Co.*, 27 Ont. Rep. 151; *Rand* v. *Purcell*, 58 Ill. App. 228. Parol evidence is admissible to show intent as to provisions, not to wipe them out. *McKinstry* v. *Babcock*, 26 N. Y. 378; *Johnson et al.* v. *Bratton et al.*, 70 N. W. Rep. 1021; *Seymour* v. *Bowles*, 172 Ill. 521, 50 N. E. Rep. 122; *Tracy* v. *Albany Ex. Co.*, 7 N. Y. 472; *Bradley* v. *Slater*, 70 N. W. Rep. 258; *Manf'g Furn. Co.* v. *Kremer et al.*, 64 N. W. 528; *Machine Co.* v. *Faulkner*, 64 N. W. Rep. 163; *Pool* v. *Philips*, 167 Ill. 432, 47 N. E. Rep. 753; *Hammond* v. *Martin*, 40 S. W. Rep. 347; *White* v. *Rice*, 70 N. W. Rep. 1024. An agent disregards specific instructions at his peril; if he adopts his own course and loss to his principal ensues, he is liable, although he used reasonable diligence, *Heinemore et al.*, v. *Heard et al.*, 50 N. Y. 27; *Butts Adm.* v. *Phelps*, 79 Mo. 302; and he who covenants is more strongly bound, *Whitney* v. *Mer. Union Exp. Co.*, 104 Mass. 152; *Fuller* v. *Ellis*, 39 Vt. 345; *Milwaukee Co.* v. *Hacker*, 21 Wis. 613; *Sawyer* v. *Mayhew*, 51 Me. 389; *Thompson* v. *Stewart*, 3 Conn. 172, 8 Am. Dec. 168; *Austill* v. *Crawford*, 7 Ala. 355; *Short* v. *Skepwith*, 1 Brok. (U. S.) 103. The breach of contract is the gist of the action and must be averred. *Grant* v. *Sheerin*, 84 Cal. 197, 23 Pac. Rep. 1094; *Wheeler, etc., Mfg. Co.* v. *Worrall*, 80 Ind. 297; *Wilson* v. *Clarke*, 20 Minn. 367; *Rich* v. *Calhoun*, 12 So. Rep. 707; *Tracy* v. *Tracy*, 59 Hun. (N. Y.) 1; *Phipps* v. *Hope*, 16 Oh. St. 586; *Holman* v. *Criswell*, 13 Tex. 38; *White* v. *Romans*, 29 W. Va. 571.

In the case at bar it was necessary to state the facts constituting the covenant and breach thereof, and so doing it was proper to plead interpretation of lease. Holding over is subject to all of the covenants of the lease. *Salisbury* v. *Hale*, 12 Pick. 416; *Weston* v. *Weston*, 102 Mass. 514; *Schyler* v. *Smith*, 51 N. Y. 309; *Finney* v. *St. Louis*, 39 Mo. 177; *Bonney* v. *Foss*, 62 Me. 248; *Bacon* v. *Brown*, 9 Conn. 339; *Moore* v. *Beasley*, 3 Oh. 294; *Bradley* v. *Slater*, 70 N. W. Rep. 258; *Kollock* v. *Scribner*, 73 N. W. 776; *Dutton* v. *Gale Mnf. Co.*, 43 Hun. 198; *Scott* v. *Beacher*, 52 N. W. Rep. 20; *Roley* v. *Crabtree*, 72 Ill. App. 581.

*R. M. Pollock,* for the respondents.

There is no holding over and no renewal of any lease in the transaction between the parties. The lease itself provides for a tenancy of more than one year.

There is no ambiguity about the expression in the lease. Where there are ambiguous expressions extraneous evidence may be employed to interpret them; but the court cannot impart into the contract, or impress upon it anything not included in it. I Green Ev. section 175, 277; *Dent* v. *No. Am. Steamship Co.,* 49 N. Y. 390; *Farmers Loan & Trust Co.* v. *Com. Bank of Racine,* 15 Wis. 424.

COCHRANE, J. The complaint alleges the incorporation of defendant; that plaintiff Johnson is the owner and Halland the mortgagee of the leased premises; that on June 21, 1900, plaintiffs and defendant entered into a written lease of the described property, a copy of which is attached to the complaint as "Exhibit A," and made a part of the complaint; that defendant was required by the terms of this written lease to write $400 insurance on the building on the leased premises; that it was agreed and understood between the parties that said insurance should be maintained and kept in force by defendant in some company for which it was agent as long and for the full time during which the lessee remained in possession of the premises under the terms of the lease; that on May 28, 1901, while defendant was occupying the premises under the terms of the lease, the building was totally destroyed by fire; that prior to its burning, defendant negligently permitted the insurance thereon to lapse and cease, "against the covenant and agreement of said defendant with the plaintiffs," and plaintiffs were damaged thereby in the sum of $400; that defendant elected to and continued to remain in possession and use of the leased premises after the expiration of the first year, under the terms of the lease, and was in possession at the time of the fire; that plaintiffs demanded before suit that defendant pay them $400 because of the destruction of the building and the loss incurred by and on account of the negligence and failure of said defendant to keep said building insured, as aforesaid, and by reason of the fact that said defendant has broken and violated its express covenant as to insurance. Exhibit A, referred to in the second paragraph of the complaint, and attached to it, in its formal part recites its making on the 21st day of June, 1900, the description of the property, and its pertinent part read as follows: "To have and to hold the above-rented premises

unto the said lessee, its successors and assigns, for and during the full term of one year from and after the 15th day of May, 1900, and as many weeks, months, or years after May 15, 1901, as said Kindred State Bank may desire from time to time; and the said lessee agrees to and with the said lessor to pay as rent for the above-mentioned premises the sum of $96, payable May 15, 1901, and as rent for the time building is used after the expiration of one year it is agreed that the lessee shall pay at the rate of $8 per month, said rent to be paid to George Halland for and during the full term of this lease. It is hereby further agreed that said Kindred State Bank, as agents for C. M. Johnson and George Halland, shall have certain repairs and painting done on building, as agreed with C. M. Johnson this day, and deduct the actual cost of the same from the rent when paid; also to write $400 insurance on building, and deduct from rent." To this complaint defendant demurred, and, as grounds therefor, specified that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained by the trial court, and an order made directing the entry of judgment for the dismissal of plaintiff's action, with costs. This appeal is from the judgment.

The action is founded upon the written lease, a copy of which is made a part of the complaint by reference, and its plain purpose is to recover damages for a breach of the stipulation therein "to write $400 insurance on building, and deduct from rent." The terms of this writing will control in determining the sufficiency of the complaint as against demurrer in every particular where the terms of the lease do not sustain the allegations as to its contents; and where the averments are contradictory of or inconsistent with it, they will be disregarded. *Willard* v. *Davis* (C. C.) 122 Fed. 363; *Freiberg* v. *Magale* (Tex. Sup.) 7 S. W. 684. To state a cause of action, therefore, this complaint should allege a breach of the contract to write $400 insurance upon the building, and consequent damages. This is not done. The facts set forth as a breach are that, prior to the burning of the building, defendant permitted the insurance thereon to lapse and wholly cease, against the covenant and agreement of defendant. There is no covenant in the lease that the insurance was to be maintained by defendant for any time, or that it was to be rewritten. It was simply to write it. Consequently, no breach of contract is pleaded. But appellant urges that there is a latent ambiguity in the insurance clause of

this lease, in that the contract is silent as to the time for which the insurance written should run; and he has attempted to supply the time by alleging an agreement between the parties that the insurance should be written and kept in force by defendant for the full time it remained in possession of the premises under the lease, and that the covenant to write $400 insurance was a continuing covenant. We think that, when suing upon a contract which is ambiguous or uncertain in its provisions, when applied to the subject-matter of litigation, the pleading should so state, and by averment point out wherein plaintiff claims the contract to be uncertain, and put some definite construction on it by way of averment. *Durkee* v. *Cota,* 74 Cal. 313, 16 Pac. 5. Under the pretense of construing a written contract, new terms cannot be added to it. The writing is only the outward and visible expression of the meaning of the parties to it, and no other words can be added to, or substituted for, those used. The duty of the court is to ascertain, not what the parties may have secretly intended, as contradistinguished from what their words expressed, but what is the meaning of the words they used. *Board* v. *Brown* (Minn.) 68 N. W. 839; *Hei* v. *Heller,* 53 Wis. 415, 10 N. W. 620; *Hunt* v. *White,* 24 Tex. 643. The question here is entirely one of pleading. The complaint points out no ambiguity in the written contract, and places no construction upon its terms which would help out plaintiff's cause of action. By no possible interpretation of the language used in this contract can the words "write $400 insurance on building" be construed to mean rewrite and maintain $400 insurance on the building. Unless the language used in the lease is susceptible of this enlarged interpretation, no breach of contract is pleaded.

Appellant contends that the continuance of defendant in the occupancy of the leased premises after one year carried over the covenant to write insurance on the building, and imposed the duty of rewriting; and he cites section 4084, Rev. Codes 1899, to sustain his contention. Defendant's occupancy of the leased premises, under the positive averments of the complaint, was by virtue of provisions in the written lease, and the section of the statute quoted can have no application. *Fields* v. *Mott,* 9 N. D. 621, 84 N. W. 555. The lease expressed the terms upon which defendant could remain in possession after May 15, 1901, and, if it was the intention of the parties that the insurance should be rewritten after the first year in case defendant continued its occupancy of the leased prem-

ises, this intention should have been expressed therein. The very fact that the terms of defendant's occupancy after the expiration of the first year are expressed without mention of insurance would, so far as the written contract advises us, indicate that the insurance was to be written but once.

Plaintiff further contends that his action was brought and is at issue upon a contemporaneous collateral matter attaching itself to the lease, the lease being made a part of the complaint, to show that there was a contract for insurance, and that he pleaded and intends to show that collateral to this promise there was an oral agreement to be executed if respondent continued the lease after the first year. The answer to this contention is that no such contract is pleaded, and could not, under established rules of evidence, be shown, even if it were fully set forth in the complaint, and the demurrer must, nevertheless, be sustained. This contention is, however, inconsistent with the averments of the complaint. No parol agreement is set out, no consideration for such agreement is alleged, and the breach set forth is alleged to be of the covenant in the written lease. In each paragraph of the complaint reference is made to the written contract and the stipulation as to insurance as a covenant. It is clear that the word "covenant," as here repeatedly used, was intended and understood by the pleader in the sense of a written promise, and does not refer to any parol agreement. *DeBolle* v. *Ins. Co.,* 4 Whart. 68, 33 Am. Dec. 38. If a parol stipulation was made concerning insurance after the first year, it was made as a part of the transaction then in hand, which is conclusively presumed to have been closed at the signing and delivery of the written contract, in that the written lease upon its face appears to be complete, and to express the full contract of the parties. The stipulation as to insurance is not concerning a matter separate and independent of the written contract, and must therefore be found, if at all, in one of the items and terms of the contract. *Dutton* v. *Gerrish,* 9 Cush. 89, 55 Am. Dec. 45; *Thompson* v. *Libby,* 34 Minn. 374, 26 N. W. 1. To permit this stipulation to be proven by parol would be to permit an additional term to be grafted upon the written contract, which would as effectually change the contract expressed in the writing as if the stipulation were in direct contradiction of its terms. *Cliver* v. *Heil* (Wis.) 70 N. W. 346. It is stated as the settled general rule that all parol negotiations between the parties to a written contract anterior to or contemporaneous

with the execution of the instrument are to be regarded as either merged in it or concluded by it. *Thurston* v. *Ludwig,* 6 Ohio St. 1, 67 Am. Dec. 328; *Howard* v. *Thomas,* 12 Ohio St. 204; *Naumberg* v. *Young,* 44 N. J. Law 331, 43 Am. Rep. 380. To come within the exception to this general rule, which permits proof of an oral agreement collateral to the agreement expressed in the writing, and supplementary thereto, made at the same time as the written contract, it must appear that the alleged collateral promise relates to a subject distinct from that to which the writing relates. So understood, the parol promise of defendant to rewrite insurance if it continued to occupy the premises was not a collateral promise, but a part of the one contract. It was one of the terms of the lease, and not a separate and independent contract. *Howard* v. *Thomas,* 12 Ohio St. 201, 205; *Thompson* v. *Libby,* 34 Minn. 374, 26 N. W. 1; *Palmer* v. *Albee,* 50 Iowa 429; *Naumberg* v. *Young,* 44 N. J. Law 331, 43 Am. Rep. 380; *Godkin* v. *Monahan,* 83 Fed. 116-119, 27 C. C. A. 410; *Cliver* v. *Heil* (Wis.) 70 N. W. 346; *Case* v. *Bridge Co.* (N. Y.) 31 N E. 254.

The judgment appealed from is affirmed. All concur.