# EMBDEN STATE BANK, a Corporation, Respondent, v. JOHN SHEA, Appellant.

## (196 N. W. 307.)

**Objections to evidence held without merit.**

1. Certain objections to the reception of evidence considered and held without merit, following First Nat. Bank v. Wallace, ante, 330, decided at this term.

**Pleadings — averments inconsistent with written contract disregarded on motion to exclude evidence.**

2. As against a motion to exclude evidence on the ground that the answer does not state facts sufficient to constitute a defense, the terms of a written contract, alleged in hæc verba, control, and averments as to its contents or its character, inconsistent with such written contract, will be disregarded.

**Contracts — failure to read contract no defense in absence of fraudulent prevention.**

3. A party to a written agreement is bound thereby and it is no defense to show that he neglected to read it before signing the same, unless he can prove that he was prevented from reading the instrument by the fraud, artifice or design of the other party, or his authorized representative.

**Alteration of instruments — affixing revenue stamps after delivery not material alteration.**

4. The fact that revenue stamps are affixed to a note after it is delivered, is not a material alteration, there being no claim that the omission to affix revenue stamps was fraudulent.

**Bills and notes — holder receiving note from payee prima facie holder in due course; burden on defendant to rebut presumption that plaintiff receiving note from payee prima facie holder.**

5. A holder of a note, who receives the same from a payee whose title is not defective under § 6940, Comp. Laws 1913, is prima facie a holder in due course; and the burden is on the defendant to plead and prove facts that rebut the prima facie presumption.

Note.—(3) Signing contract in ignorance of contents, see 6 R. C. L. 624; 2 R. C. L. Supp. 168; 4 R. C. L. Supp. 430; 5 R. C. L. Supp. 359.

(5) Purchaser of negotiable paper from holder in due course acquires all rights of such former holder under Negotiable Instrument Law, see 3 R. C. L. 1037; 1 R. C. L. Supp. 954; 4 R. C. L. Supp. 231; 5 R. C. L. Supp. 215.

**Principal and agent — instruction that receipt of proceeds of note by payee equivalent to authorization of agent to transfer held not erroneous.**

6. Certain instructions examined and *held,* for reasons stated in the opinion, to be proper.

Opinion filed November 17, 1923.　Rehearing denied December 18, 1923.

Agency, 2 C. J. § 118 p. 499 n. 95; § 737 pp. 966 n. 43, 969 n. 61.　Alteration of Instruments, 2 C. J. § 33 p. 1191 n. 65.　Bills and Notes, 8 C. J. § 204 p. 112 n. 93, 96; § 1197 p. 911 n. 50; § 1289 p. 980 n. 21, p. 981 n. 22; § 1347 p. 1032 n. 10.　Contracts, 13 C. J. § 249 p. 370 n. 25; § 250 p. 371 n. 29.　Pleading, 31 Cyc. p. 564 n. 13, 14.　Trial, 38 Cyc. p 1667 n. 85.

Appeal from the District Court of Cass County, North Dakota, *Cole,* J.

Affirmed.

*Charles G. Bangert,* for appellant.

The right to prove fraud, in whatever shape it may exist, to avoid written contracts, has been so uniformly recognized that it can hardly be said to have been the subject of serious judicial discussion.　Cummings v. Case, 52 N. J. 77, 18 Atl. 972.

There is no contract, sealed or unsealed, that is sufficient in itself, unaided by other circumstances, to cover and protect fraud.　And rules of evidence which excludes parol proof, when offered to affect written instruments, will generally give way and allow the fraud to be proved.　Felt v. Walker, 29 Conn. 93; Indianapolis, P. & C. R. Co. v. Tyng, 2 Hun, 311.

The rule permitting the introduction of parol evidence to prove fraud is not at all affected by the rule which declares that all prior negotiations and transactions are deemed to have been merged in a written contract thereafter executed.　6 Enc. Ev. 16 and 17.

It is always competent to prove fraud by parol evidence, notwithstanding the fact that the contract or transaction assailed may have been reduced to writing.　6 Enc. Ev. 16; 1 Greenl. Ev. 15th ed. 381, § 284; Kerrick v. Van Dusen, 20 N. W. 228.

Fraudulent representations and oral misstatements made with intent to deceive are not merged in the written instrument procured by means of them that they may not be made the basis of a decree to set it aside.　Weeks v. Currier, 172 Mass. 53, 51 N. E. 416.

The fact that parties have in contracts stipulated certain facts as true, does not render parol evidence incompetent to prove the contrary for the purpose of showing fraud. 6 Enc. Ev. 17; Elliot Supply Co. v. Green, 35 N. D. 641.

It has even been held that parol evidence is admissible to contradict the terms of a written contract to show fraud. Fisher v. Sun Ins. Co. L.R.A.1915C, 819; 27 C. J. 52.

It has been said "there is perhaps no rule of law more flexible or subject to a greater number of exceptions than the rule which, in actions at law, excludes parol evidence to vary or explain written documents." And "it may be stated generally that courts have endeavored to adapt their rulings, either way, to the obvious demands of abstract justice in each particular case." 17 Cyc. 638.

Parol evidence is admissible to show that an apparent contract never has any legal existence. 1 Greenl. Ev. 284, 381; Brewster v. Reel, 38 N. W. 381; Beach v. Nevins, 18 L.R.A.(N.S.) 288, 162 Fed. 129.

There are a large number of cases cited in support of this proposition and we will not take up the space required to cite them. 1 Greenl. Ev. 381, § 284; First State Bank v. Kelley, 30 N. D. 93; Dickinson v. Burke, 8 N. D. 118; Norman v. Waite, 46 N. W. 639; Smith v. Dotterweich, 200 N. Y. 299, 33 L.R.A.(N.S.) 892 (also suit on note).

"A written instrument has no valid existence until delivered in accordance with the intention of the parties." Guild v. More, 32 N. D. 432; Knowlton v. Schultz, 6 N. D. 471; Stevens v. Barnes & Reede, 43 N. D. 483, 175 N. W. 709; Marlott v. Clouture, 41 N. D. 127, 169 N. W. 582. See also Aukland v. Arnold, 111 N. W. 212.

The universal rule is that whatever fraud creates justice will destroy. Raich v. Lindebak, 36 N. D. 133.

The courts are a unit in allowing the greatest liberality in the method of examination, in the scope of the inquiry, and in the latitude of the direct and cross-examination of witnesses in all cases where the issue of fraud is involved. 6 Enc. Ev. 22.

*A. C. Lacy* and *Fowler, Green & Wallam,* for respondent.

"If A and B make a contract in writing, evidence is not admissible to show that A meant something different from what is stated in the contract itself, and that B at the time assented to it. If that sort of

evidence were admitted, every written document would be at the mercy of witnesses that might be called to swear anything." Wald's Pollock, Contr. 3d ed. p. 310; National Cash Reg. Co. v. Midway City Creamery Co. (N. D.) 191 N. W. 762; Johnson v. Bank, 12 N. D. 337; Farmers Bank v. Nichols, 25 Okla. 547, 106 Pac. 834; American Nat. Bank v. Lunde (N. D.) 129 N. W. 99.

JOHNSON, J.   Defendant appeals from a judgment of the district court of Cass county, entered upon a verdict of a jury.

The complaint is upon a promissory note, alleged to have been executed by the defendant to the Grain Belt Manufacturing Company and by the payee, before maturity and for value, transferred to the plaintiff.   The answer contains a general denial and three alleged separate defenses.   The first defense, following the general denial, alleges that the defendant was induced by fraudulent representations to execute certain instruments (the note in suit and a contract hereinafter referred to), and that such representations were as follows:   (1) That the Grain Belt Manufacturing Company was manufacturing and distributing tractors and farm machinery at Fargo; (2) that the company wanted representatives and agents in the country; (3) that the company, when establishing agencies, gave sole and exclusive rights to the agents in the territory specified; (4) that the contracts and writings entered into would not be binding on either party, but that the same were subject to approval by the officers of the Grain Belt Manufacturing Company and also subject to cancellation by either party on ninety days' notice to the other; (5) that in the event of cancellation, all "writings, contracts and agreements then signed would be immediately returned to the party signing the same."   It is then alleged that all of these representations and statements were false; that the contract, which is set out in full in this defense, and the note in suit were signed by the defendant in reliance on these representations and not otherwise; and that the note was not signed as the "promissory negotiable note of the defendant."   It is then alleged that the Grain Belt Manufacturing Company had entered into similar contracts with other persons in the same territory.   In the second defense, all of the allegations of the first defense above are set forth and, in addition, it is alleged that the defendant surrendered the contract within the time during which can-

cellation was permitted by its terms and demanded a return of the note; and that there was a total failure of consideration. In the third defense, all of the matters in the first defense are re-alleged, and, in addition, it is alleged that no revenue stamps were attached when the note was signed and that the note was fraudulently and materially altered, subsequent to its execution, by affixing revenue stamps thereto. There is no allegation or offer of proof that defendant, upon discovering the alleged fraud, rescinded the contract on that ground.

At the trial, the plaintiff called the defendant for cross-examination under the statute and proved his signature to the note. The cashier of the plaintiff thereupon testified, in substance, that he purchased the note in suit, carrying the indorsement of the payee therein, purporting to have been made by one William Crowley, as agent of the payee, that it issued a certificate of deposit in payment therefor, which was negotiated in due course and afterwards paid by the plaintiff bank and the proceeds received by the payee, Mr. J. W. McHose, treasurer of the payee, testified that the agent, William Crowley, had written authority to execute indorsements of bills receivable of the corporation and identified a copy of such authority, which the cashier of the plaintiff said the agent exhibited to him before he purchased the note. The cashier also stated that he talked with the president of the payee over the telephone before he purchased the note for the bank and was advised by him that Crowley had authority to transfer, by indorsement, the particular note in suit. The plaintiff then offered in evidence the note with the indorsement, the certificate of deposit, showing that the same had been paid, a page out of the time certificate register, showing the entry of the certificate of deposit issued in payment of the note, and a copy of the authority of the agent to transfer notes by indorsement. The note is dated November 6, 1919, and was purchased by plaintiff on November 7, 1919. These exhibits were all received, over objection. Plaintiff then rested.

The objections to the reception of the exhibits were of the same character as those considered in First Nat. Bank v. Wallace, ante, 330, 196 N. W. 303, decided at this term and involving an almost identical transaction. For the reasons stated in that decision, the objections are without merit and the exhibits were properly admitted. The plaintiff undoubtedly established by competent evidence a prima facie

case, having proved the execution of the note and a transfer thereof to itself, for value, in due course of business, and that it was the owner and holder thereof.

When defendant opened his case by offering to testify in his own behalf, counsel for the plaintiff objected to the introduction of evidence in support of the so-called affirmative defenses in the answer, upon the general ground that the facts alleged therein did not constitute a defense. Counsel, however, excepted from this objection the allegation in the first defense to the effect that the agent of the payee named in the note, represented that the principal was manufacturing tractors and counsel stated that he had no objection to the offer of proof under that allegation. Counsel stated in his objection that the other alleged fraudulent representations were not of such a character as to constitute fraud. Counsel stated further, that he did not mean to object to the introduction of any evidence of nonexecution or nondelivery of the note in suit under the general denial. The court sustained the objection. Thereupon counsel for defendant made elaborate and careful offers of proof, in general following the allegations of the affirmative defenses in his answer, heretofore summarized, which offers were rejected upon objection, except that the counsel for the plaintiff again stated that he did not object to proof that the Grain Belt Manufacturing Company was not in fact engaged in the manufacture of tractors or that the defendant did not in fact execute and deliver the instrument in suit. A misdescription of the territory assigned the defendant in the agency contract was corrected by stipulation. This, in effect, eliminated from the case the alleged misrepresentation to the effect that the same territory had been assigned to other parties. It appears from the testimony of defendant's witnesses and particularly from that of the defendant himself, that the agent who procured his signature to the contract and the note did not represent that farm machinery was being manufactured at the time when the note was signed, which was on November 6, 1919, but stated that the company was manufacturing tractors. It appears from the testimony of the defendant's witnesses that this representation was true, that the company was in fact at the time engaged in manufacturing tractors; the company had a factory in Fargo and actually manufactured certain parts of the tractor, purchased others and then assembled and turned

out a complete and functioning machine. This is not contradicted.' It appears, in short, that all the representations alleged in the answer and in the offers of proof to have been false and fraudulent, were true in fact, except representation number five, supra, which we shall discuss more fully later. Defendant sought to introduce Exhibit 100, identical with the contract referred to in the case of First Nat. Bank v. Wallace, supra, and containing the same stipulation as is therein set forth. This contract was alleged in haec verba in the answer in the case at bar. This exhibit was excluded and, on motion by plaintiff and over defendant's objection, the only issue submitted to the jury was the execution of the note, its transfer to and ownership by the plaintiff.

We held in the case of First Nat. Bank v. Wallace, supra, that the contract therein considered, identical with Exhibit 100 in the case at bar, did not obligate the Grain Belt Manufacturing Company in case of cancellation by the maker of the note, to return the identical note, but that a correct interpretation of the agreement required the company merely to repay the maker of the note its face value. It follows, therefore, from the decision in that case, that the negotiation of the note prior to the expiration of the period within which the defendant was permitted to exercise his option to cancel the contract and demand a refund of the purchase price, and before the exercise of such option, was not in violation of the agreement or in any sense a legal fraud upon the maker, the defendant in this action. We said, in First Nat. Bank v. Wallace, supra:

"We have examined defendant's Exhibit 100, and come to the conclusion that counsel's interpretation thereof is wholly untenable; that the undertaking of the Grain Belt Manufacturing Company was not to return the note in suit or to refrain from negotiating the same, in the event the payee elected to cancel the contract, but to repay the purchase price."

There is a contention made by the defendant in this case which was not made in First Nat. Bank v. Wallace, ante, 330, 196 N. W. 303, to the effect that the representations, heretofore set out and claimed to have been made by the representative of the Grain Belt Manufacturing Company, were false and fraudulent in character and entitled the defendant to prove the same at the trial for the purpose of avoiding the entire transaction, notwithstanding a written contract was entered into

at the time which had not been rescinded when the note in suit was negotiated to the plaintiff. It is asserted that the court erred in refusing to receive evidence proving such representations and in holding that the answer and the offers of proof thereunder failed to state facts sufficient to constitute a defense.

The defendant alleges in his answer that the agent stated to him that the writings made would not be binding until approved by the officers of the company and that the defendant could cancel the contract in 90 days, whereupon all writings, agreements and contracts would be returned to the defendant. The contract was in fact approved by an officer of the payee. It should be noted that the allegation in the answer as to the return of the papers is contradicted by the terms of the contract, also fully set forth in the answer. It would seem to follow, therefore, that the terms of the written contract must control in determining the sufficiency of the facts alleged as against a motion to exclude. When the agreement set forth in hæc verba and made a part of the answer does not support the general allegations as to its contents or its character, and when the averments in the answer are "contradictory of or inconsistent with it, they will be disregarded." Johnson v. Kindred State Bank, 12 N. D. 336, 340, 96 N. W. 588. The alleged representations of the agent, as to the terms of the contract to be entered into and as to what the company would do, are substantially the same as the statements in the contract pleaded in the answer, except that in the contract as set forth in the answer, the Grain Belt Manufacturing Company agrees to refund the purchase price, but does not obligate itself to return the note executed when the contract was signed.

The defendant strenuously contends that but for such alleged fraud he would not have signed the note or the contract. According to his own answer and testimony, however, he did sign a contract which contains all the terms precisely as arranged between himself and the agent while the oral negotiations were pending, except in the single particular that the agent assured him that all papers would be returned in the event of cancellation, while the written agreement as signed stipulated for a refund of the purchase price, but not a return of the identical note.

It seems to be elementary that a party to a written agreement is bound thereby and it is no defense to show that he neglected to read

it before signing the same, unless he can prove that he was prevented from reading the instrument by the fraud, artifice or design of the other party, or his authorized representative. Rokusek v. Nat. Union F. Ins. Co. ante, 123, 195 N. W. 300; Little v. Little, 2 N. D. 175, 49 N. W. 736; 13 C. J. 370.

The defendant does not plead or offer to prove facts upon which a claim of fraud can be successfully predicated. The defendant's own answer and the record show that when the agreement was reduced to writing, the company did not agree to return the note but simply to refund the purchase price. The defendant does not plead or prove any facts tending to show that the agent, by fraud, artifice, or otherwise, induced the defendant to believe that the written contract executed by the parties was in fact identical with the agreement arrived at orally; or that the defendant was unable to read or was, by fraud or otherwise, prevented from reading the document before he signed it. He knew, at the time, that he was about to sign a contract which would entitle him to the agency to sell tractors in specified territory, to shares of stock in the Grain Belt Manufacturing Company and to the right to cancel the contract upon 90 days' notice to the corporation.

The second affirmative defense does not state facts sufficient to constitute a defense, in view of our holding as to the correct interpretation of the stock sale and agency contract. The cancellation of this contract, under the facts, had no bearing upon the right of the plaintiff to recover on the note. The contract did not require a return of the note, but a refund of the purchase price.

The third affirmative defense was likewise insufficient. That defense is predicated on the theory that affixing revenue stamps to the note after it was delivered was a material alteration. There is no claim that the revenue stamps were omitted for the purpose of defrauding the Federal government. The contention is wholly without merit. Knox v. Rossi, 25 Nev. 96, 48 L.R.A. 305, 83 Am. St. Rep. 566, 57 Pac. 179; Rowe v. Bowman, 183 Mass. 488, 67 N. E. 636; 5 C. J. 112.

Defendant does not allege or offer to prove that plaintiff endorsee had notice or any knowledge of the facts averred as a defense, or that the contract had been rescinded by the defendant before the note was negotiated to the plaintiff. Appellant relies on the proposition that

his general denial put in issue the allegations of the complaint as to the sale and endorsement of the note to plaintiff, before maturity and for value. When the plaintiff produced the negotiable instrument, proved its execution and endorsement, that it was the owner and holder thereof, there being no evidence of or offer to prove a defect of title in the payee, within § 6940, Comp. Laws 1913 (55), it had established a prima facie right to recover, § 6944, Comp. Laws 1913 (59); and it was not incumbent on the plaintiff to offer further affirmative evidence that it acquired the note in good faith and without notice of defects. Moon v. Simpson, 170 N. C. 335, 87 S. E. 118. The title of the payee at the time it endorsed the note to the plaintiff, was not defective within § 6940, supra. First Nat. Bank v. Wallace, supra. Defendant wholly failed to prove or offer proof of facts tending to rebut the prima facie presumption that the plaintiff was a holder in due course. Commercial Secur. Bank v. Jack, 29 N. D. 67, 150 N. W. 460; First Nat. Bank v. Wallace, ante, 330, 196 N. W. 303.

We think the court properly sustained the objection of counsel for the plaintiff to the so-called affirmative defenses, upon the ground that they wholly failed to constitute a defense upon the merits, or to rebut the prima facie presumption that plaintiff was a holder in due course. It follows that the trial court correctly limited the issue in its instruction to the jury to the questions of the execution of the note by the defendant, its transfer to and its ownership by the plaintiff. On these questions of fact there was no dispute in the evidence and no offer of proof to the contrary.

Appellant also complains that the court erred in instructing the jury upon the question of ratification of an unauthorized transfer by endorsement of the note in suit. The instruction, in substance, says to the jury that, if the agent had no authority but the company afterwards received the proceeds of the note, that amounts to a ratification which is equivalent to prior authorization. It is true, the court did not say that the principal must have knowledge of the facts at the time of the alleged ratification, but, under the circumstances, no error can be predicated upon this ground. In the first place, evidence without dispute established the authority of the agent to transfer the note; defendant offered no evidence of want of authority; in the second place, the evidence clearly shows that the officers of the company, one of whom was a

witness for the plaintiff, knew that the certificate of deposit was issued by the plaintiff in payment of the defendant's note.

Finding no error in the record, the judgment of the trial court is affirmed with costs.

BRONSON, Ch. J., and CHRISTIANSON, BIRDZELL, and NUESSLE, JJ., concur.