NEW-YORK,
May, 1829.

Quin
v.
Astor.

---

## Quin vs Astor.

ERROR from the New-York common pleas. Quin, in December, 1826, sued Astor in the common pleas, and declared against him for work, labor and services. The plaintiff, under a judge's order, had delivered the following bill of particulars : " Common Pleas. John Quin v. John Jacob Astor. Particulars of plaintiff's demand. 1821, April 20. To setting posts, with boards, for selling lots, $2. To paving done in Broadway, $50. To carting earth to Haggerty's lot, 800 loads, at 5c. pr. load, $40. To extra. filling, occasioned by raising Washington st. 9348 loads, at 5c. pr. load, $467.04." In opening the case to the jury, the counsel for the plaintiff stated that the plaintiff's claim was for extra. work, over and beyond the amount specified in a contract, done by the plaintiff for the defendant, at sundry times during the years 1817, 1818 and 1819 ; and offered to prove the extra. work charged as done at sundry dates from and during the year 1820, up to the date of the bill of particulars ; that a copy of the bill was presented to the defendant

Time in a bill of particulars is material ; and it was accordingly held that evidence of work done in 1820, could not be given under a bill specifying items of work for which a recovery was claimed, to which was attached the date of 20th April, 1821.

about the time of its date ; and that there was only one fil-
ling in of Haggerty's lot, and one regulation of Washington-
street between the parties to the suit. The counsel for the
defendant objected to any evidence, on the part of the plain-
tiff, of work performed out of the date contained in the bill
of particulars, and the court decided that the evidence of
work done must be confined to the year 1821, specified in
the bill of particulars, and that no evidence would be ad-
mitted out of that year ; to which the plaintiff excepted.
The plaintiff then proved, by one Corning, a city surveyor,
that he surveyed certain lots for the defendant on Washing-
ton-street, which street required extra. filling in, and was
subsequently filled in ; that a paper shewn him, purporting
to be a survey and calculation of work done, was in the hand-
writing of one Doughty, also a city surveyor, who surveyed
with him at the time in partnership, and made out the
calculations ; that he had never seen the calculation be-
fore, but had no reason to believe but that it was just ;
that he did not know to the contrary of Doughty's being
alive, he resided in the Bowery. Upon this evidence, the
plaintiff offered to read the calculation and survey to the jury,
which being objected to, was refused, and the plaintiff again
excepted. The court rejecting further evidence offered of
extra. work done prior to the year 1821, directed the plain-
tiff to be nonsuited. A judgment was accordingly entered
for the defendant.

*J. L. Wendell*, for plaintiff in error. The bill of particu-
lars was sufficiently explicit to entitle the plaintiff to give the
evidence he offered. The *time* specified in the bill delivered,
was not material ; its insertion could not mislead. The de-
fendant was fully apprised of the plaintiff's demands, his at-
tention being specifically directed to particular work. A
mistake in a particular not calculated to deceive or mislead
a party, is not deemed material. Thus, an error in the date of
an item was holden to be immaterial. (2 *Taunton*, 224.)
If the defendant had deemed the bill of particulars not suf-
ficiently explicit, he might have obtained an order for further
particulars. (*Tidd*, 528. 1 *Campb.* 69, *n.* 2 *Taunton*,
224. 4 *id.* 189. 1 *Starkie*, 224.) He had no right to
wait until the trial, and then object. (*Holt's N. P. Rep.* 552.)

The evidence in relation to the survey and calculation, was sufficient *prima facie* to authorize the reading of the paper to the jury.

*J. A. Collier*, for defendant in error. In 4 *Cowen*, 55, the court say that in a bill of particulars the date of the items should always be given with as much particularity as possible. If the precise day cannot be stated, the *month* or *year* probably can. So in this case, why did not the plaintiff state his demand to have arisen in the year to which his testimony applied? See also *Starkie's Ev.* 1025. The paper relative to the calculations was properly rejected, the person who had made them being in full life, and his absence unaccounted for.

*Wendell*, in reply. The case in 4 *Cowen* shews that the objection ought to have been urged before the judge previous to the trial. There the objection to the want of dates was made before the judge. Had it been made in this case, it might have been supplied.

*By the Court*, SUTHERLAND, J. This was an action of assumpsit, brought by Quin against Astor. It appeared from the statement of the plaintiff's counsel in opening his case, that Quin had contracted with Astor at some antecedent period to fill in and otherwise regulate certain lots belonging to him in the city of New-York; that Astor had paid the contract price, but that certain extra. labor had been performed by Quin in 1817, '18, '19, and that this action was brought to recover compensation for that extra. labor. A bill of particulars had been delivered by the plaintiff, in which all the plaintiff's charges were stated under the date of April, 1821. The defendant's counsel objected to proof of any services prior to 1821, and the court below sustained the objection; and the plaintiff being unable to prove a single item of service during the year 1821, the court nonsuited him.

In *Humphrey* v. *Cottleyou*, (4 *Cowen*, 54,) it is said that the date of the items should always be given with as much particularity as possible ; if the precise day cannot be stat-

ed, the month or year should be designated. A bill of particulars as general as the declaration would probably be considered a contempt of the order, (1 *Taunt.* 353 ;) and though the time in a declaration is not material, it is in a bill of particulars. The object of a bill is, to give more precise information to the party than the declaration affords ; it is to remedy the defects in that respect of the declaration. (1 *Cowen,* 574, *note,* where the cases are well collected.)

The calculation as to the extra. filling, &c. offered in evidence was properly rejected. It was proved to have been made by one Doughty, who also appeared to be alive and within the jurisdiction of the court. There was no evidence whatever of its correctness. The testimony of Corning amounted to nothing. He and Doughty were partners as surveyors, and Doughty generally made the calculations ; but whether this calculation was made by Doughty, he could not say ; nor, if it was made by him, could he say that it was correct.

The decisions below were correct, and the plaintiff was properly nonsuited.

Judgment affirmed.