GARDNER KELLOGG *vs.* MOSES R. MADDOCKS.

A losing party cannot be allowed to try his cause over again in a counter suit for the reason he was not prepared to meet his adversary upon the trial of the first suit.

Error to the Third District holding terms at Seattle.

*I. M. Hall* for plaintiff in error.

*Larabee & White* for defendant in error.

Opinion by LEWIS, Associate Justice.

The case is this—the plaintiff filed his complaint in the District court alleging as his cause of action:

That in July, 1869, defendant commenced suit against him in the District court of King county, to recover a sum of money alleged to be due.

That issue was joined and the cause heard, and that defendant testified in the case; which testimony was willfully false, and was given for the purpose of wronging plaintiff herein.

That he was taken by surprise by reason of said testimony.

That the District court rendered judgment against him in said cause; a motion for a new trial was made and overruled; that in truth, and in fact he owed defendant nothing.

That a bill in equity was filed by defendant to subject separate property of plaintiff's wife, to payment of said judgment; that by advice of able counsel he paid the judgment.

That the matter of said alleged perjury was laid before the grand jury, who fully investigated the charge, and refused to find a bill.

All of these proceedings of the defendant in his suit in

said court, against plaintiff, were malicious, and, for the sole purpose of annoying and injuring the plaintiff herein.

The defendant interposed his demurrer in the court below for the reason that the complaint does not state facts sufficient to constitute a cause of action.

The demurrer was sustained and judgment rendered for defendant, who brings his cause to this court for review, alleging the ruling of the District court on demurrer as error.

This is a most extraordinary proceeding; it is in fact an attempt to re-try a question of fact tried by the District court in another and different case.

The original case of *Maddocks vs. Kellogg* raised the question as to the indebtedness of Kellogg to Maddocks; that issue was tried and decided against plaintiff herein. He made his motion for a new trial on the ground of surprise; this motion was denied, but instead of presenting to the appellate court the question as to the correctness of the judgment of the District court, he has brought this suit to again try the same question.

In the case of *Smith vs. Lewis*, 3 Johns., 166, Chancellor Kent used this language in relation to this very question:

"It would be against public policy, and convenience; it would be productive of endless litigation and it would be contrary to established precedent to allow the losing party to try the cause over again in a counter suit, because he was not prepared to meet his adversary at the trial of the first suit, and in *Phelps vs. Stearns*, 4 Gray, 105, it is held that there is no precedent for such action, and that the authorities are numerous, that no such action can be maintained at common law.

Were the position of counsel for plaintiff correct, such a proceeding as a motion for a new trial would be heard of no more in our courts. But, the same issues would be from time to time heard in collateral proceedings. The courts would be filled with actions and counter actions. The end of a case would never be reached.

The judgment of the court below should be affirmed.