CUDWORTH, Respondent, vs. GAYNOR, Appellant.

*February 27 — March 18, 1890.*

*Pleading: Bill of particulars: Variance in amount claimed.*

A variance between the amount for which judgment is demanded and the amount of the items in a bill of particulars, is immaterial, since the proofs will be confined to the items in the bill.

APPEAL from the County Court of *Fond du Lac* County. The facts are stated in the opinion.

For the appellant there was a brief by *Colman & Sutherland*, and oral argument by *D. D. Sutherland*.

For the respondent there was a brief by *C. K. Pier*, attorney, and *Kate H. Pier*, counsel, and oral argument by *Kate H. Pier*.

COLE, C. J.     This is an appeal from an order denying the motion of the defendant to compel the plaintiff to make his amended complaint more definite and certain. The complaint states several causes of action for the value of services rendered by the plaintiff for the defendant as broker and real-estate agent. Judgment for the amount of $575 is demanded. An exhibit in the nature of a bill of particulars is made a part of the complaint, which shows in detail the claims of the plaintiff. According to the bill of par-

Cudworth vs. Gaynor.

ticulars, the amount of the plaintiff's demands, for which the action is brought, is $435. The bill of particulars states generally the date of the service and the items of the demand. It is sufficiently full and specific to inform the defendant as to the nature of the plaintiff's claims. But the defendant says there is a variance between the amount of the·items in the bill of particulars and the amount for which the judgment is claimed. The object of a bill of particulars is to inform the opposite party what will be attempted to be proved against him on the trial, so that he may prepare his evidence accordingly. *Brewster v. Sackett*, 1 Cow. 571, and authorities collected in note *a; People ex rel. Waring v. Monroe*, 4 Wend. 200; *Quin v. Astor*, 2 Wend. 577; *Stanley v. Millard*, 4 Hill, 50; 1 Burrill, Pr. 430. "A bill of particulars has the effect to restrict the proofs and limit the recovery to the matters set forth in it. It is regarded as an amplification of the pleading to which it relates, and is to be construed as forming a part of it." *Bowman v. Earle*, 3 Duer, 691, 694. The rule is that a party is confined in his proofs to the items contained in his bill, and is not entitled to recover for items not included in it. *Hurst v. Watkis*, 1 Camp. 68; *Holland v. Hopkins*, 2 Bos. & P. 243. Such a bill may be amended, like other pleadings, upon terms, where it will promote substantial justice. *Melvin v. Wood*, 3 Keyes, 533, 4 Abb. Pr. (N. S.), 438. The variance between the amount for which judgment is claimed and the amount of the items in the bill of particulars, we deem immaterial, as the plaintiff will be confined in his proof to the bill, unless he should obtain leave of the court to amend it. Certainly, there is no ground for saying that the bill of particulars is not sufficiently explicit to fairly apprise the defendant of the nature of the plaintiff's claims, so that there can be no surprise. Therefore, we think, the motion was properly denied by the county court.

*By the Court.*— The order appealed from is affirmed.