[ Filed June 21, 1892.]

## J. P. FINLEY, ASSIGNEE, v. ZOETH HOUSER.

JURISDICTION — JUDGMENTS AND DECREES — COLLATERAL ATTACK.—The judgment or decree of a court having jurisdiction to pronounce the same, is, in respect to the matter directly determined, or actually and necessarily included therein, conclusive upon the parties and those asserting subsequent claims under them, and cannot be collaterally attacked.

Umatilla county: M. D. CLIFFORD, Judge.

Plaintiff appeals.   Affirmed.

This is an action of replevin to recover a stock of goods, wares, and merchandise.

After denying the material allegations of the complaint, the answer sets up a further defense as follows:   That at all the times and dates mentioned in the complaint, defendant was the duly elected, qualified, and acting sheriff of Umatilla county, Oregon, and continued to be such sheriff until the first day of July, 1890; that on October 29, 1889, one C. A. Barrett, as the administrator of the estate of John P. Miller, deceased, commenced an action in the above court, and at said time duly filed his complaint therein against W. M. and Eva A. King for the recovery of the following described personal property, to wit:   (Then follows a description of the property, which is the same that is in controversy in this action.)

The answer then alleges in substance that the plaintiff in said action claimed the immediate delivery of said personal property, and on the same day made the affidavit in such cases provided, for the claim and delivery of personal property, and delivered said affidavit to the defendant as sheriff, with an indorsement thereon directing and requiring

the defendant as such sheriff to take such personal property from the possession of the defendants in said action, and deliver the same to the plaintiff therein; that at the same time he executed and delivered to the defendant a written undertaking, which was duly approved by this defendant as sheriff, and conditioned in all respects according to law in such cases, and then and there delivered said undertaking to this defendant as sheriff; that this defendant as such sheriff, by virtue of said process, and in obedience thereto, did, on the twenty-ninth day of October, 1889, take the said property from the said W. M. and Eva A. King, and on or about the — day of November, 1889, deliver the same to Nelson A. Miller, who was then and there the duly appointed, qualified, and acting receiver of said court in the suit in equity of C. A. Barrett, administrator of the estate of John P. Miller, deceased, against W. M. and Eva A. King, then pending in this court; that said receiver was appointed by said court for the purpose of taking charge and possession of said personal property; that the said receiver did thereupon take possession of said personal property; that at the time the defendant took possession of said personal property, the said C. A. Barrett, as administrator as aforesaid, was entitled to the immediate and exclusive possession thereof, and continued to be so entitled to the possession thereof until after the commencement of this action; and said W. M. King and Eva A. King, nor either of them, was at any time after October 29, 1889, nor any person claiming under them, entitled to the possession of said property nor any part thereof; that such proceedings were duly had in said suit in equity of C. A. Barrett as administrator of the estate of John P. Miller, deceased, against W. M. and Eva A. King; that on the twenty-fourth day of January, 1890, by agreement of the plaintiff and defendants in said suit, then and there in open court given, said plaintiff in said suit did obtain a decree directing, among other things, that the lien of the plaintiff upon said

goods, wares, and merchandise be foreclosed, and said property sold by the sheriff of Umatilla county, Oregon, in the manner by law provided on foreclosure of mortgages; that on January 30, 1890, an execution was duly issued out of said court in said cause, under its seal, and directed to the defendant as sheriff, and that the defendant, by virtue of said writ, took possession of said property and sold it after duly advertising the same; that the property described in said decree is the same personal property described in the amended complaint herein; that the plaintiff, as well as W. M. and Eva A. King, and all persons claiming under them, after October 29, 1889, are estopped and precluded by said decree.

Another separate defense pleads the judgment in the action at law of C. A. Barrett, as administrator, against W. M. and Eva A. King, in which action the plaintiff prevailed and had judgment for the recovery of said property, as a bar against the plaintiff's claim in this action.

The reply to each of these separate defenses is the same in substance: The action was based on a mortgage given by W. M. and Eva King to Miller, who assigned the same to John P. Miller in his lifetime; that said personal property at the time the mortgage was given was part and parcel of a general stock of merchandise in a store, and owned and conducted by W. M. and Eva A. King, at Athena, Umatilla county, Oregon; and at the time said mortgage was executed, it was mutually agreed between the said W. M and Eva King and said Miller that said Kings should remain in the exclusive possession of said stock of goods and sell and dispose of the same in the usual course of business, and that said Kings did thereafter remain in the exclusive possession of said stock of goods, and did sell and dispose of the same in due course of business; that by reason of said fraud, the mortgage was void and created no lien on said goods as against the creditors of said Kings; that by reason of said fraudulent mortgage, the judgment

based thereon was also fraudulent and void. In another part of the reply, like allegations are made seeking to attack the decree of foreclosure.

*Paxton & Paddock*, for Appellant.

*W. F. Butcher*, and *Chas. H. Carter*, for Respondent.

STRAHAN, C. J.—This is not a direct proceeding to annul or vacate the judgment and decree mentioned in the pleadings, but an attempt to attack them collaterally, and thus avoid their legal effect. It has been so often decided that this could not be done, that we deem it unnecessary to cite the authorities. *Morrill* v. *Morrill*, 20 Or. 96, is the latest expression in this court on the subject; see also the same case, 23 Am. St. Rep. 95, where it is carefully annotated and many of the cases cited.

The attack which the plaintiffs attempt to make on the mortgage amounts to nothing. It is the judgment as well as the decree which stands in his way. Both the judgment and decree necessarily affirmed the validity of the mortgage. The fact of its validity was actually and necessarily included in each of those adjudications, and was necessary thereto. (1 Hill's Code, § 736.) That fact, then, is just as conclusively settled as any other determined by the judgment and decree referred to. It is useless to attempt to illustrate a proposition so obvious, or to cite authorities to sustain it. The appellant seeks to avoid the force of these views by suggesting that he was not made a party to either the suit or action. The answer to that is, that he has not shown by his pleading that he had any interest at that time. The reply makes no such question; and if it did, as near as we can tell from this record, the action was pending at the time of said alleged assignment. If that is correct, then the appellant is bound by the judgment whether he was made a party or not. He is a *lis pendens* purchaser.

The decree appealed from must therefore be affirmed.