[No. 17546.    Department One.    August 1, 1923.]

ANNA MacEACHERN, *Appellant,* v. J. MacEACHERN, *Respondent.*[1]

MALICIOUS PROSECUTION (11)—PLEADING—COMPLAINT—TERMINA-TION OF ACTION. A complaint in an action for a malicious prosecu-tion of an insanity charge does not state a cause of action where it fails to allege want of probable cause and alleges that in the pro-ceeding the plaintiff was adjudged to be insane.

SAME (11)—COMPLAINT—JURISDICTION. In such a case, the fact that it is alleged that the court was without jurisdiction, does not cure the fact that plaintiff was adjudged insane.

PLEADING (95)—DEMURRER—ADMISSIONS BY DEMURRER. A de-murrer to a complaint alleging that the court was without jurisdic-tion only admits facts well pleaded, and want of jurisdiction must be shown by facts and not by a mere conclusion.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 6, 1922, upon

[1]Reported in 216 Pac. 881.

sustaining a demurrer to the complaint, dismissing an action in tort. Affirmed.

*W. F. Hays,* for appellant.

*J. P. Wall* and *Walter S. Fulton,* for respondent.

Bridges, J.—Suit based on malicious prosecution. A demurrer to the complaint was sustained, and plaintiff has appealed from a judgment dismissing the action.

The complaint alleged that, on the 9th day of October, 1917, the plaintiff was in custody of the United States marshal at Seattle, and that on that date, in Seattle, "the defendant, in conspiracy with others, whose names are unknown to the plaintiff, fraudulently, falsely, maliciously and without probable cause, accused this plaintiff of being an insane person and 'dangerous to be at large,' by then and there filing in the superior court of King county, Washington, his verified complaint, signed 'J. MacEachern,' which was on that date numbered in said court on the probate side thereof, 22308''; that, at the same time, the plaintiff was, unlawfully and against her will, taken from the custody of the United States marshal and brought before one of the judges of the superior court of King county, and, after a pretended hearing, "the said court and judge, upon said complaint and not otherwise, pursuant to said conspiracy, then and there wrongfully and without jurisdiction, unlawfully pronounced sentence upon and wrongfully committed this plaintiff to be confined in the northern hospital for the insane. . . . wherein and whereby this plaintiff was so confined against her will from the said 9th day of October, 1917, until the 12th day of March, 1919, all in violation of the law and the constitution of the state of Washington and of the constitution of the United States." It

was further alleged that the judge hearing the matter did not permit plaintiff to prepare her case, nor to have the benefit of counsel, nor a fair and impartial trial by jury.

The complaint does not state a cause of action in this character of suit. It not only fails to allege that the proceedings ended in appellant's favor, but affirmatively pleads that she was adjudged, by a court of competent jurisdiction, to be insane and was committed to the proper asylum. In order to state a cause of action, the complaint must allege the malicious prosecution and that it was without probable cause, and that the proceedings terminated in favor of the person charged.

In 18 R. C. L. 21, it is said:

"It is a well recognized requirement that before one can maintain an action for malicious prosecution against him he must allege and prove a termination of the original proceeding in his favor, whether such proceeding was a wrongful civil action or criminal prosecution. The reason for the rule is apparent. Until a complaining party has shown that the action against him was unsuccessful, he has not shown that he has suffered any damage, and if he were permitted to sue before he had won the first suit, he might secure a recovery for the bringing of an action which the court entertaining such cause found to be well brought. . . ."

See, also, 18 R. C. L. 68.

The authorities state certain exceptions to this rule, but they are not applicable to the facts of this case.

In the case of *Ferguson v. Tobey,* 1 Wash. Terr. 276, speaking of the sufficiency of a complaint in an action of this character, it was said:

"To sustain this action the complaint must aver, and the proof sustain, three distinct propositions:
"1. That the arrest and prosecution were malicious.
"2. That there was no probable cause for the same.

"3. That the proceeding or action, in which the arrest was had, terminated in favor of the party bringing the action for damages."

The complaint there was held demurrable because it failed to allege that the action had terminated in favor of the plaintiff. To the same effect see *Kellogg v. Maddocks*, 1 Wash. Terr. 407; *McKenzie v. Royal Dairy*, 35 Wash. 390, 77 Pac. 680. In the latter case, speaking concerning a demurrer to a complaint of this character, we said:

"If the complaint be treated as one for malicious prosecution, the ruling of the court upon the demurrer was manifestly right, for no recovery of damages can be predicated upon the action of MacDonald in causing the arrest of appellants on a charge under which they were admittedly convicted."

In oral argument, the appellant laid considerable stress on the allegation in the complaint to the effect that the court which heard the insanity matter acted without jurisdiction in adjudging her insane and committing her. We are unable to see how that allegation can in any way affect this cause or be material to it. The court which tried the matter was one of general jurisdiction, and if it did not have jurisdiction of the person of the appellant, that was an error which could only be corrected in that court or on appeal. But in this respect the complaint is bad for another reason. The demurrer admits facts well pleaded and not conclusions of law. The allegation is that the court acted without jurisdiction. Facts should be pleaded showing want of jurisdiction, and it is not sufficient simply to state the conclusion.

The judgment is affirmed.

Main, C. J., Holcomb, Mitchell, and Fullerton, JJ., concur.