[No. 19216.   Department Two.   October 8, 1925.]

ANDREW DEDRICK, *Appellant, v.* KENNETH DURHAM
*et al., Respondents.*[1]

JUDGMENT (143, 153)—COLLATERAL ATTACK—JURISDICTION—DEFECT
IN PROCESS OR NOTICE. An adjudication of insanity, by a court of
general jurisdiction, cannot be collaterally attacked in an action for
conspiracy to institute a malicious prosecution.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered October 9, 1924, dismissing an action in tort, tried to the court and a jury.
Affirmed.

*Carl J. Smith* and *H. E. Foster,* for appellant.

*McClure & McClure* and *Walter S. Osborn,* for respondent United States Fidelity & Guaranty Company.

*The Attorney General, M. H. Wight, Assistant,* and
*John T. Hunt,* for respondent Durham.

*Ewing D. Colvin,* for respondents Starwich *et al.*

MAIN, J.—The plaintiff seeks to recover damages in
this case because, as he claims, the defendants maliciously entered into a conspiracy to accomplish his false
imprisonment. The cause came on for trial before the
court and a jury upon the amended complaint, which
will be referred to as the complaint, the answers thereto and the reply. After the first witness had been
sworn, the defendants moved the court to discharge the
jury and enter a judgment in their favor upon the
ground, first, that the complaint did not state a cause of
action; and second, that the plaintiff's reply constituted a fatal variance from the allegations in the complaint. This motion was sustained and a judgment entered dismissing the action, from which the plaintiff
appeals.

[1]Reported in 239 Pac. 385.

The question to be determined arises upon the pleadings and it will be necessary to make a somewhat detailed reference thereto. The complaint alleges that the defendant Durham was the assistant supervisor of the department of labor and industries of this state and that the United States Fidelity and Guaranty Company was surety upon his official bond; that the defendant Starwich was the sheriff of King county and that the Fidelity and Deposit Company of Maryland was surety upon his official bond; that the defendant Grant was the clerk of the superior court of King county and that the National Surety Company was surety upon his official bond; that the defendant Mason was superintendent of the county hospital in King county. After these preliminary allegations, it is charged that the defendants

". . . entered into a conspiracy and confederated together for the purpose of annoying, persecuting and injuring the plaintiff, and in keeping with said confederation the said Durham, as superintendent of the department of labor and industry in the state of Washington, filed with the defendant Grant, as clerk of the superior court of King county, Washington, a false and malicious affidavit charging that the plaintiff was insane and that by reason thereof was dangerous to be at large, for the purpose of bringing about the arrest and imprisonment of the plaintiff, and for the purpose of injuring, harassing and humiliating the plaintiff, and pursuant to said false and fraudulent affidavit a warrant was issued by the defendant Grant as such clerk, and pursuant to the terms thereof the defendant Starwich, as such sheriff, arrested and imprisoned plaintiff, and on the 29th day of June, 1921, a hearing was had upon said alleged charges of insanity so falsely preferred by said Durham, and by the consideration of the superior court of King county, Washington, it was found, adjudged and decreed that the plaintiff was not insane, and said malicious charge ended in law."

It should be noted that it is alleged that in the superior court of King county "it was found, adjudged and decreed that the plaintiff was not insane, and said malicious charge ended in law." Notwithstanding this, it is further alleged that the plaintiff was confined in the county hospital of King county and later in the hospital for the insane at Sedro-Woolley.

As a second cause of action, the appellant alleges that, while he was imprisoned in the county hospital, at the instance of the other respondents, Gibson and Meyers wrongfully and unlawfully assaulted and beat the appellant, "which assault and beating was a part and parcel of the conspiracy of the defendants."

In the answers of the respective parties it is alleged that the appellant was committed to the insane asylum at Sedro-Woolley on the 29th day of June, 1921, pursuant to and by authority of an order of the superior court of the state of Washington, made and entered by the Honorable A. W. Frater, judge of said court, on or about the 29th day of June, 1921. This allegation is followed by a copy of the order. In the reply the appellant charges that the order by which he was committed to the asylum was "procured *ex parte* and without notice or any hearing of any character or description, the order entered as set out in said paragraph, and without notice to the plaintiff or anyone interested in him, but the same was secretly obtained and by fraud practiced upon the court by the defendants."

It thus appears that in the complaint it is charged that the appellant had been imprisoned after it had been adjudged by the superior court that he was not insane. In the answers, a copy of the order is set out which adjudges him to be insane and directs that he be committed to the Northern Hospital for the Insane. In the reply, this judgment of commitment by the su-

perior court is sought to be avoided by the allegation
that it was secretly obtained without notice to the ap-
pellant or anyone interested in him.  By the allega-
tions in the reply, a collateral attack is made upon the
judgment, and it has been held that a judgment valid
on its face, as the one in question is, cannot be set aside
in this way.  In *Kalb v. German Savings & Loan
Society,* 25 Wash. 349, 65 Pac. 559, 87 Am. St. 757, it
is said:

"The answer, after denying all the allegations in
the complaint, sets up the judgment as a bar to plain-
tiff's right of recovery, even if he ever had any inter-
est in the property.  The reply, after denying the
allegations of the answer, sets out facts which plain-
tiff claims invalidated the said judgment.  Vanfleet, in
his work on Collateral Attack, at § 3, says:

" 'A collateral attack on a judicial proceeding is an
attempt to avoid, defeat, or evade it, or to deny its
force and effect in some manner not provided by law.
. . .   When a judicial order, judgment, or proceed-
ing is offered in evidence in another proceeding, an
objection thereto on account of judicial errors is a
collateral attack.  Familiar instances are where a per-
son relies on a judgment as a justification for a tres-
pass . . .  or to show his right or title in . . .
ejectment, trespass to try title, or suit to quiet title.
That the objection to the judgment for judicial errors
in such cases is a collateral attack, the cases all agree.'
Black, Judgments, § 252; *Morrill v. Morrill,* 20 Ore.
96 (25 Pac. 362, 11 L. R. A. 155, 23 Am. St. Rep. 95);
*Finley v. Houser,* 22 Ore. 562 (30 Pac. 494); *Kizer v.
Caufield,* 17 Wash. 417 (49 Pac. 1064).

"Under all the authorities, this action is, and must
of necessity be, a collateral attack upon the judgment
in *French v. Dennis,* and must be so treated."

The court which adjudged the appellant to be insane
was one of general jurisdiction, and if it did not have
jurisdiction of the person of the plaintiff, that was an
error which could only be corrected in that court or on

appeal. In *MacEachern v. MacEachern,* 126 Wash. 32, 216 Pac. 881, it was said:

"The court which tried the matter was one of general jurisdiction, and if it did not have jurisdiction of the person of the appellant, that was an error which could only be corrected in that court or on appeal."

In the *MacEachern* case, just referred to, the defendant was charged with having maliciously entered into a conspiracy with others to accomplish the imprisonment of the plaintiff in a hospital for the insane. In the complaint in that case it was alleged that the court which entered the order of commitment was without jurisdiction and unlawfully pronounced the sentence and ordered the plaintiff confined. That case differs from this in this respect. There the attack was made upon the judgment in the complaint. Here the attack is made upon the judgment in the reply, but the effect must be the same. It is unnecessary to cite decisions to show that a judgment valid on its face, of a court of general jurisdiction, is not subject to collateral attack.

The judgment will be affirmed.

TOLMAN, C. J., MACKINTOSH, HOLCOMB, and FULLERTON, JJ., concur.