[No. 21781. Department One. August 20, 1929.]

GEORGE HANNA, *Appellant,* v. A. D. ALLEN *et al., Respondents.*[1]

[1]Reported in 279 Pac. 1098.

486

*Corbin & Kemp* and *F. A. Kern,* for appellant.
*Herman Howe,* for respondents.

HOLCOMB, J.—On April 7, 1924, these respondents filed suit against appellant for $242.29, alleged to be due them on account for goods, wares and merchandise. On the same date, they filed affidavit and bond for attachment, and a writ of attachment issued out of the lower court. The summons and complaint and the writ of attachment were placed in the hands of the sheriff of Chelan county for service. The sheriff made return that the summons and complaint were served by substituted personal service on April 9, 1924, and that on April 8, 1924, certain personal property belonging to appellant was attached. On May 10, 1924, judgment was entered by the lower court against appellant by default. A writ of execution issued out of the court by virtue of which the sheriff sold the personal property of appellant which had theretofore been attached by him.

This action was commenced in September, 1924, by appellant against respondents and the sheriff of Chelan county to recover damages for the sale of personal property.

Prior to the trial of the case, appellant filed an amended complaint dismissing the action as to the sheriff of Chelan county, and continuing it against these respondents alone. In the amended complaint, it is alleged that the summons and complaint in the former action were not legally served upon appellant, and judgment was prayed for $600, as the value of the property sold under execution in that action.

On trial below, at the close of appellant's case, respondents challenged the sufficiency of appellant's evi-

dence and moved that the action be dismissed, which challenge and motion were granted by the court. Thereafter, formal findings of fact, based upon the evidence so introduced, together with conclusions of law and a formal judgment of dismissal were entered. From that judgment, this appeal is here.

The return of the service of the summons and complaint in the former action certifies that they were served upon the defendant therein in the county of Chelan, state of Washington, on the 9th day of April, 1924,

". . . by then and there delivering to, and leaving with Willard Boatman at the dwelling house and the house of the usual abode of said defendant, George Hanna, for said defendant, a true copy of said summons and complaint in said action. The said Willard Boatman being then and there a person of suitable age and discretion and resident therein, to wit, the foreman of said defendant, I, after due diligence and inquiry, being unable to find said defendant in said county."

The return was dated April 10, 1924.

More than twenty days afterwards, on May 10, 1924, the attorney for plaintiffs in the former action filed a motion for default against appellant, supporting it by his affidavit to the effect that the summons and complaint in the action had been served by personal service in Chelan county, Washington, on April 9, 1924, and that defendant had wholly failed to serve or file any demurrer, motion, answer, or other pleading or to make any appearance whatsoever in the action, although the time to appear and answer had elapsed and the defendant was then in default for failure to appear and answer within the time limited by law; that the summons and complaint in the action had been on file for more than five days preceding the filing of the affidavit.

An order of default was thereupon signed by the judge, and entered in the cause on the same day, which recited that summons and complaint in the action had been served upon defendant (appellant here) by personal service in Chelan county, Washington, on April 9, 1924, and that defendant had wholly failed to appear and answer, etc.

Findings of fact, conclusions of law and a judgment were thereupon entered for the amount claimed in the complaint.

In the present action, the trial court heard evidence tending to show that, on April 9, 1924, when the summons and complaint were purported to have been served upon appellant, he was not a resident of Chelan county, but his residence was in Ellensburg, Kittitas county, where he resided with his wife and family. It was further shown that he left his logging camp in Chelan county on April 2, went to his home in Ellensburg and remained there until about May 1, 1924, when he returned to his camp and Boatman, the man upon whom substituted service had been made at his camp, then handed him the papers. Upon this showing, the trial court found that the documents had been served personally by Boatman upon appellant on May 1. The court also found or concluded that the judgment had been prematurely entered in the former case, but that it was not void, but voidable, and for appellant to succeed in this action it was necessary that he have a meritorious defense to the former action, which he did not set up. On the contrary, in this action, appellant candidly admitted, when testifying, that he had no defense to the former action and took no steps to contest it or to have the judgment set aside after it was entered as he had no defense to it.

It is our opinion that the trial court erred in finding that the delivery of the papers by Boatman on

May 1, 1924, to appellant, constituted personal service. That was not the personal service upon which the judgment was based, nor was any proof of such service made prior to the entry of the default judgment in that case.

Rem. Comp. Stat., § 237, prescribes the kind of proof of service that shall be made as follows:

"1. If served by the sheriff or his deputy, the return of such sheriff or his deputy indorsed upon or attached to the summons;

"2. If by any other person, his affidavit thereof indorsed upon or attached to the summons; . . ."

The proof of service indorsed upon and attached to the summons upon which the judgment was based was that of the sheriff and his deputy. There was no proof of service by any other person by affidavit attached to the summons.

Although the proof of service of the summons can only be made in the manner pointed out by statute, *Powell v. Nolan,* 27 Wash. 318, 67 Pac. 712, 68 Pac. 389, proof of service was made in that manner in this case.

The service was complete when the return of service required by the statute was made and filed. 21 R. C. L. 1315, par. 62; 32 Cyc. 496 and 507.

Rem. Comp. Stat., § 226, subd. 12, provides that summons may be served upon the defendant personally or (by substituted service)

". . . by leaving a copy of the summons at the house of his usual abode with some person of suitable age and discretion then resident therein. Service made in the modes provided in this section shall be taken and held to be personal service; . . ."

Appellant contends that, because service was made at a place other than his actual and usual abode, namely, in Kittitas county, although the return of the

sheriff complied in every respect with the statutory provisions referred to, the service was absolutely void and could support no valid judgment. In this connection, it is urged that, since the proof was made at the trial of this action that appellant was actually a resident of Kittitas county and not of Chelan county, and that the court so found in this action, it appears "on the face of the record" herein that the service of the summons and complaint in the former action was void. To sustain his contention, the following texts and cases from this state are cited:

R. C. L. and Cyc., *supra; Northwestern & Pac. Hypotheek Bank v. Ridpath,* 29 Wash. 687, 70 Pac. 139; *Powell v. Nolan, supra; Waterman v. Bash,* 46 Wash. 212, 89 Pac. 556; *Lushington v. Seattle Auto & Driving Club,* 60 Wash. 546, 111 Pac. 785; *Wilbert v. Day,* 83 Wash. 390, 145 Pac. 446; *Chehalis Coal Co. v. Laisure,* 97 Wash. 422, 166 Pac. 1158.

What appears as "on the face of the record" here differs vastly from what appeared as "on the face of the record" in the former case. The fact on which the jurisdiction of the court in the former case depended was that there had been substituted personal service in exact compliance with our statute. The court, being one of general jurisdiction and having undoubted jurisdiction of the cause of action alleged in the former case, would undoubtedly acquire jurisdiction of the person *prima facie,* at least, by the return of service made in the manner required by law. Hence, the judgment was fair and valid on its face.

We have frequently held that, where the court rendering a judgment has jurisdiction of the subject-matter and adjudges that jurisdiction has been properly acquired over the person of the defendant, where there is nothing in the record to contradict it, such adjudication is as conclusive as that upon any other ques-

tion in the case when collaterally attacked. *Peyton v. Peyton,* 28 Wash. 278, 68 Pac. 757, and cases cited; *Noerdlinger v. Huff,* 31 Wash. 360, 72 Pac. 73; *Ballard v. Way,* 34 Wash. 116, 74 Pac. 1067, 101 Am. St. 993; *Wick v. Rea,* 54 Wash. 424, 103 Pac. 462; *Rowe v. Silbaugh,* 96 Wash. 138, 164 Pac. 923, L. R. A. 1918D 466; *Atwood v. McGrath,* 137 Wash. 400, 242 Pac. 648.

A collateral attack is an attempt to impeach the judgment by matters *de hors* the record in an action other than that in which it was rendered; an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it; any proceeding which is not instituted for the express purpose of annulling, correcting, or modifying such decree. 34 C. J. 521; *Kalb v. German Savings & Loan Society,* 25 Wash. 349, 65 Pac. 559, 87 Am. St. 757; *Peyton v. Peyton, supra.*

The validity or correctness of a judgment cannot be impeached in a subsequent action brought by a former defendant against the former plaintiff involving the same issues, or in an action to recover back the money paid under the judgment, or for fraud and conspiracy in obtaining the judgment. 34 C. J. 524.

A collateral attack upon a judgment has been defined to mean any proceeding in which the integrity of a judgment is challenged, except those made in the action wherein the judgment is rendered or by appeal, and except suits brought to obtain decrees declaring judgments to be void *ab initio.*

An action to recover damages for obtaining a judgment would operate as a collateral impeachment of such judgment, and therefore cannot be brought so long as such judgment stands. 15 R. C. L. 838; *Dedrick v. Durham,* 136 Wash. 265, 239 Pac. 385.

There can be no question but that this action is a collateral attack on the former judgment.

All cases cited by appellant were decided in direct attacks upon the judgment in a former action.

There are at least two statutory methods of directly attacking judgments in this state; that is, first, by an application in the original case to vacate the judgment, and, second, by appeal; and the further method which has been authorized and approved in practice by proceeding in equity to have the judgment annulled. None of these methods were followed by appellant. Some of the cases cited by appellant would be decisive in his favor had any appropriate method been pursued. See discussions in *Chehalis Coal Co. v. Laisure,* and *Rowe v. Silbaugh, supra.*

For instance, in *Waterman v. Bash, supra,* where the former judgment was attacked by answer when it was sought to revive the former judgment, it was held that it was a direct attack on the former judgment and it was shown conclusively that the former judgment was based upon substituted service under the same statute as that now in force and heretofore referred to. It was held that, the fact of the nonresidence of the defendant at the place where the substituted service was made being incontrovertibly shown, the service was void and could not support the judgment.

In *Wilbert v. Day, supra,* a sheriff had made a substituted service upon a defendant in Spokane county, Washington. He certified that the place where he made the service was the usual abode of the defendant, and that he there left with a person of suitable age and discretion a copy of the summons and complaint. The defendant appeared specially and moved to quash the service. A hearing was had upon the motion, the trial court refused to quash the service

and defendant appealed. It will be observed that in that case there was a prompt special appearance and attack upon the service. This court found that the usual place of abode of the defendant was in Idaho; that the sheriff's return upon the question of the service at the usual place of abode of the defendant was merely *prima facie* and subject to be refuted by the truth. The service was therefore quashed.

The first case cited by appellant to this point was an action brought to quiet title to real estate, wherein one of the defendants filed a cross-complaint praying that judgments of foreclosure upon which the title of plaintiff was based be annulled and cancelled, on account of the alleged want of proper service of process. We there held that the cross-complaint constituted a direct and not a collateral attack upon the former judgment.

It is true it is settled in this state that a judgment may be directly attacked in subsequent proceedings based upon a judgment, such as a possessory action, or one to quiet title to real estate, by answer or cross-complaint alleging the lack of jurisdictional facts in the former case to support a valid judgment and *praying the annulment of the former judgment. Ridpath* case, *supra; Donaldson v. Winningham,* 48 Wash. 374, 93 Pac. 534, 125 Am. St. 937; *Schmelling v. Hoffman,* 111 Wash. 408, 191 Pac. 618; or in a proceeding upon the former judgment to revive it, in the same way; *Waterman* case, *supra.* Or in a direct action to remove a cloud upon the title by reason of such judgment, *Christofferson v. Pfennig,* 16 Wash. 491, 48 Pac. 264. And, by direct suit to cancel and annul the former judgment and all subsequent proceedings under it. *Johnson v. Gregory,* 4 Wash. 109, 29 Pac. 831, 21 Am. St. 907.

No such proceeding as any of the above was ever pursued by these appellants. This is a purely personal action for damages, but an attempt to indirectly nullify the former judgment. *Dedrick v. Durham, supra.*

This being a purely collateral attack upon the former judgment, the judgment of the trial court dismissing it was correct, even though the reasons therefor were, in part, erroneous.

Affirmed.

FULLERTON and TOLMAN, JJ., concur.

PARKER, J. (concurring)—I concur in the result, but not in the view that there is a failure to make a direct attack on the former judgment. I think the complaint and its general prayer constitute a direct attack on the judgment, but that the proof fails to show equitable ground for setting the judgment aside.

BEALS, J., concurs with PARKER, J.