**Maurine C. BAIRD, aka Maurine C. Shurtleff, Plaintiff and Appellant,**

v.

**INTERMOUNTAIN SCHOOL FEDERAL CREDIT UNION, Defendant and Respondent.**

**No. 14451.**

Supreme Court of Utah.

Oct. 13, 1976.

Carl T. Smith, Ogden, for plaintiff and appellant.

Jack H. Molgard, Brigham City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff Maurine C. Baird sued Intermountain School Federal Credit Union (herein Intermountain) alleging that it had wrongfully sued her in a prior action which resulted in her unjustified harassment and being committed to jail. Upon consideration of defendant's motion to dismiss, the district court ruled that she had not stated a claim upon which relief could be granted and dismissed her complaint. She appeals.

In the prior suit the defendant Intermountain sued the plaintiff in the Brigham City Court for a balance of about $700 on a promissory note. The complaint and summons were served upon her on the 26th day of February, 1975. After the time for an answer had expired, on March 25th Intermountain's attorney notified Ms. Baird by letter that if the note was not paid or

an answer to the complaint was not received within five days, a default judgment would be taken. In response thereto the plaintiff sent an answer to Intermountain's attorney, but did not file it with the court as the summons directs.

Ten days later, on April 10, 1975, default judgment was taken against her. Subsequently, Intermountain obtained an execution thereon and a supplemental order that she appear in court. Meanwhile, she had sent in a check for about $800 on May 26, 1975, apparently assuming that that paid the judgment. When she failed to appear, a bench warrant was issued; and pursuant thereto, the plaintiff was found in contempt and committed to the Box Elder County Jail. Some telephoning resulted in an agreement that Ms. Baird make a further payment of $160 on the judgment, and she was released from jail.

It is noteworthy that instead of asserting any available defenses or seeking any remedy by way of application to set aside the default in the prior case and pursuing an appeal if that became necessary, the plaintiff elected to bring this separate action for actual and punitive damages for wrongs she alleges she suffered therein.

■ The issue in the instant case is therefore, not whether there may have existed some valid defense, or some ground to justify setting aside the default judgment in the prior case,[1] but whether the plaintiff has stated a claim upon which relief could properly be granted in this independent action.

The plaintiff places reliance on Rule 60(b), U.R.C.P., which provides for relief from a default judgment on certain stated grounds and also provides that that rule "does not limit the power of [the] court to entertain an independent action to

relieve a party from a judgment . . . [and that] . . . the procedure for obtaining any relief from a judgment shall be by motion . . . or by an independent action."

■ We do not disagree with the proposition that under certain circumstances a cause of action may exist for the wrongful bringing of civil proceedings. Such an action is related to and arose as an adjunct to the action for malicious prosecution in criminal proceedings and is related thereto.[2] But it is recognized only when the civil suit is shown to have been brought without probable cause, for the purpose of harassment or annoyance; and it is usually said to require malice.[3] It seems quite obvious that except in the most unusual circumstances, a prerequisite to such a showing is that the prior suit terminated in favor of the defendant therein (plaintiff here).

It requires no extended analysis to see that the prior action by Intermountain against Ms. Baird was neither groundless (she was liable on the unpaid promissory note), nor brought for the purpose of harassing or annoying her. By ordinary prudence and diligence on her part she could have had an adjudication of any dispute as to the amount, the interest, and the attorney's fee that was eventually allowed. Having failed to do so, or to seek any redress in that suit, it is our opinion that the trial court correctly ruled that her asserted claim in this action does not meet the requirements of a cause of action for wrongful civil proceedings as set out above.

Affirmed. No costs awarded.

HENRIOD, C. J., ELLETT, and MAUGHAN, JJ., and G. HAL TAYLOR, District Judge, concur.

---

1. We note our agreement with the plaintiff's contention that under appropriate circumstances the trial court should be liberal in granting relief from default judgments to the end that controversies be tried and resolved on their merits. See *Barber v. Calder*, 522 P.2d 700 (Utah 1974); and *Locke v. Peterson*, 3 Utah 2d 415, 285 P.2d 1111 (1955).

2. See discussion in Law of Torts, Prosser (3rd Ed.) Sec. 114 and authorities cited therein.

3. See *Balsiger v. American Steel & Supply Co.*, 254 Or. 204, 451 P.2d 868 (1969); *Nichols v. Severtsen*, 39 Wash.2d 836, 239 P.2d 349 (1951); Restatement of Torts, vol. 3, p. 440, Sec. 674 (1938).